John A. White Jr., Bar # 1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
775-322-1228 Fax
john@whitelawchartered.com

E-filed June 4, 2013

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

PATRICK and PATRICIA McCAULEY,

Debtors

Case No: BK-N-13-50194-btb

Chapter 12

**EX PARTE APPLICATION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY ATTORNEYS UNDER A GENERAL RETAINER [WHITE LAW CHARTERED]**

Hearing Date: N/A

Patrick and Patricia McCauley, ("Debtors"), by and through their attorney, John White, Esq. of the law firm of White Law Chartered ("WLC") hereby apply to the Court pursuant to 11 USC §101, et seq ("Bankruptcy Code"), 11 U.S.C. §327 (a), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing and approving Debtors' employment and retention of WLC as their general bankruptcy counsel in this case. This Application is supported by the Declaration of John White, Esq., filed separately herewith ("White Declaration"). and in further support of this Application, Debtors respectfully represent as follows:

1. On January 31, 2013 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 12 in the United States Bankruptcy Court, District of Nevada. On April 16, 2013, Debtors' counsel, the Law Office of Nathan R. Zeltzer, filed his Motion to Withdraw as counsel which Motion, according to papers filed herein by Mr. Zeltzer on May 22, 2013, has been granted (Docket 19, page 2, ln.

4). On May 24, 2013, this Court entered its Order extending Debtors' time to file their Chapter 12 Plan for 14 days (Docket 22).

2. No Trustee has been appointed. The Debtors are serving as debtors-in-possession and continue to serve in that capacity. Debtors are farmers and shepherds and are generally unfamiliar with the provisions applicable to Chapter 12 bankruptcies.

3. Debtors have requested that WLC render legal services in connection with this Chapter 12 case, including, without limitation, the following services:

(a) Preparation and filing of amendments to the schedules, and statement of affairs;

(b) Preparation and filing of a Chapter 12 plan;

(c) Representation in the confirmation hearing or any adjourned hearings thereof;

(d) The examination and preparation of records and reports as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedures and local rules of court;

(e) The preparation of applications and proposed orders to be submitted in this Case;

(f) The identification and prosecution of claims and causes of action on behalf of the estate;

(g) The examination of proofs of claim filed herein and the possible objection thereto;

(h) Advice in connection in connection with the contemplated operation of Debtors' business;

(i) Assisting and advising the Debtors in connection with their duties under § 521 et. seq. of the Bankruptcy Code;

(j) Prepare, on behalf of the Debtors, motions, applications, answers, orders, reports and papers that may be necessary or desirable in this chapter 11 case;

(k) Advise the Debtors in connection with any potential sale of assets;

(l) Appear before this Court, any appellate courts, and protect the interests of the Debtors and the value of the Debtors' estate before such courts;

(m) Consult with the Debtors regarding tax, intellectual property, labor and employment, real estate, corporate, ligation matters, and general business operational issues; and

(n) Perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with this chapter 12 case.

4. The Debtors have conferred with and desire to employ WLC as their attorney under a general retainer to perform all of the above-described legal services necessary or desirable in the administration and reorganization of this estate, pursuant to §§ 327, 329 and 330(a) of the Bankruptcy Code. A copy of the Retainer Agreement is attached hereto as Exhibit 1.

5. The Debtors have selected WLC as their counsel because of the firm's experience and expertise in complex chapter 12 cases, and believe that WLC is well qualified and uniquely able to represent them in this case in an efficient and timely manner.

6. Subject to Court approval, compensation will be payable to WLC on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the firm. The hourly rates charged by WLC are consistent with the rates charged by the firm in comparable non-bankruptcy matters and are subject to periodic adjustments to reflect economic and other conditions. WLC's hourly rates are set at a level designed to fairly compensate the firm for the work of its attorney(s) and paralegal(s) and to cover fixed and routine overheard expenses.

(a) Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the WLC from time to time. Current customary hourly rates of WLC for the individuals expected to participate in this case is $300.00 for attorney, John White and $95.00 for paralegal, Mary Hernandez.

(b) It is the policy of WLC to charge its clients in all areas of practice for all expenses incurred in connection with a client's case. The expenses routinely charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for working meals and facsimile charges. WLC will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to its other clients.

7. Debtors' only significant asset is the McCauley Ranch in Cedarville, CA and their interest in GC Livestock, LLC. To the best of Debtors' knowledge, neither WLC nor any of its attorneys has represented the Debtors, their creditors, equity security holders, or any other parties in interest or their respective attorney and accountants, the United States Trustee or any person employed in the office of the United States Trustee, in any matter relating to the Debtors, the McCauley Ranch, GC Livestock, or their estate. Based on information contained in the White Declaration, and to the best of Debtors' knowledge, neither WLC nor any of its attorneys holds or represents any material interest adverse to the Debtors' estate with respect to the matter on which it is to be employed, and therefore, this Application is made respectfully submitting that WLC is eligible for employment under USC section 327(a) as a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code.

8. WLC intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee (the "Fee Guidelines"). All attorneys who will be rendering services on behalf of the Debtors will maintain billing records setting forth complete and detailed activity

descriptions, including a time allotment billed in increments of one-tenth of an hour. Each activity will include a description of the type and subject matter of the activity undertaken. All services rendered shall be in relation to this bankruptcy proceeding.

9. WLC has demanded a retainer of $5,000 from the Debtors and has received $3,000 of that amount as this is written, with the Debtors expected to bring in the remainder of the retainer before WLC enters its appearance in this Case.

10. The name, address and telephone number of the lead attorney of WLC who will be the attorney of record herein is:

John White, Esq.,
White Law Chartered
335 West First Street
Reno, Nevada 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com

WHEREFORE, based on the foregoing, Debtors request that this Court enter an Order authorizing the employment of WLC as counsel for Debtor in this Chapter 12 case. A copy of the proposed Order authorizing this employment is being lodged herewith as Exhibit 2.

Dated this 4th day of June, 2013.

WHITE LAW CHARTERED

By: ______________________
John White, Esq.
Proposed Counsel for the Debtors

We declare under penalty of perjury that we have read the foregoing **EX PARTE APPLICATION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY ATTORNEYS UNDER A GENERAL RETAINER [WHITE LAW CHARTERED]** and know

the contents thereof; that the pleading is true of our own knowledge, except as to those matters stated therein on information and belief, and as to those matters, we believe them to be true.

Dated this 4th day of June, 2013.

Patrick McCauley

Patricia McCauley

# INDEX OF EXHIBITS

| Exhibit No. | Description | No. of pages |
|---|---|---|
| 1 | Retainer agreement | 5 |
| 2 | Proposed order | 2 |

# Exhibit 1

Exhibit 1

WHITE LAW CHARTERED
LAWYERS

JOHN WHITE

OF COUNSEL
FELIX F. STUMPF
JACK STREETER

TWENTIETH CENTURY BUILDING
335 WEST FIRST STREET
RENO, NEVADA 89503-5301

TEL: (775) 322-8000
FAX: (775) 322-1228
john@whitelawchartered.com

*May 31, 2013*

***PATRICK AND PATRICIA McCAULEY***
***P.O. Box 631***
***Eureka, NV 89316***

**Re: LEGAL REPRESENTATION-HOURLY**

We are pleased to represent Patrick and Patricia McCauley ("Clients") in connection with the matter described below. However, our experience suggests that you and we will benefit from a clear understanding of our mutual obligations. This letter sets forth the terms on which White Law Chartered ("WLC") will undertake to represent you in the Matter and which has previously been explained and discussed with you.

## I. SCOPE OF ENGAGEMENT

A. Matter Involved:

1. Description of the Matter:

Represent Debtors in their Chapter 12 case (BK N-13-50194-btb). ("Matter") WLC will make every effort to file a plan timely, being on or before next Tuesday, June 4, 2013. However, Clients understand that this very late retainer date may make it impossible to file a confirmable plan by that date.

B. Your Obligation: Clients agree:

1. To pay WLC for the performance of such legal services and to pay or reimburse WLC for all expenses incurred in connection with the Matter, in the manner specified in Section II, below. WLC has made no representation concerning the total amount of fees and costs to be charged in this case, except to note that all fees and costs are subject to court approval and to further note that it is unlikely that total fees will be less than $10,000 or in excess of $100,000.

2. To cooperate with WLC, to provide all information by or available to you which may aid WLC in representing you in the Matter and to be truthful in all matters covered hereunder.

C. Authorization.

1. You authorize WLC to take all actions on your behalf in the Matter which WLC deems advisable; except that you retain the right to approve any agreement or final settlement of the Matter. WLC agrees to notify you promptly of all significant developments in the Matter and to consult with you in advance as to any significant decisions relating to those developments.

## II. LEGAL FEES AND EXPENSES

A. Method of Determining Fees. You and WLC agree that the following method is to be used for determining the legal fees owed by you to WLC. The time expended by WLC to perform the legal services for you in the Matter will be the initial basis for determining the total legal fees to be paid to WLC. It is agreed that John White at WLC will charge a standard rate of $300.00 per hour and legal assistants $95.00 per hour, for legal services rendered. The above rates may be subject to periodic increases or decreases, and WLC agrees to give you a 30-day notice if such rates are to be increased or decreased.

B. Fees, Charges and Expenses.

1. You authorize WLC to retain other persons to perform necessary services related to the Matter, and you agree to pay the fees or charges of such other persons. Such other persons may include, by way of example and not limitation, accountants, economists, appraisers, real estate agents, consultants, investigators, experts and other attorneys hired for ancillary matters in other localities. Any fees or expenses under this paragraph which exceed $1,000.00, will first receive your written approval.

2. You acknowledge that WLC will incur various expenses in providing services on your behalf, and you agree to reimburse WLC for all out-of-pocket expenses paid by WLC, or, if you are billed directly for these expenses, to make prompt, direct payments to the originators of the bills. Such expenses include, but are not limited to, charges for serving and filing papers, courier or messenger services, recording and certifying documents, costs of publication, depositions, transcripts, investigations, witnesses, long-distance telephone charges, photocopying charges, clerical overtime charges, travel expenses and postage.

C. Retainer, Schedule of Billing and Payment. You and WLC agree to the following schedule of billing and payments for fees and expenses.

1. You have agreed to pay WLC a retainer in the amount of Five Thousand Dollars (5,000.00) as an advance on fees and costs, receipt of $3,000 of which is hereby acknowledged and the remainder of which is to be paid before WLC enters its appearance in this case.

2. You authorize WLC, in our discretion, to direct persons retained by WLC on your behalf in the Matter to send statements for services rendered directly to you, in which event you agree to promptly pay such statements.

3. Services and disbursements will be billed on a monthly basis. Statements will be mailed to you within the first two weeks of the month following the month for which services and disbursements were rendered. Each statement will show the persons rendering services, amount of time spent by each person, a brief description of the work performed, and an itemization of disbursements paid. Disbursements not then billed to WLC will be included on subsequent statements.

D. Payment in Full. Subject to the foregoing (court approval, etc), each bill will be due and payable upon order of the court allowing payment of fees and costs. After 30 days, all unpaid balances will bear interest at the rate of 1.5% per month.

## III. GENERAL MATTERS

A. Information to be Made Available to You. WLC agrees to make a diligent effort to assure that you are informed at all times as to the status of the Matter and as to the course of action which is being followed, or is being recommended by WLC. WLC agrees to make reasonably available to you for reading in our office all written materials sent or received by WLC pertaining to the Matter. Copies of all such materials will be provided to you at your request, at your expense. All WLC work product will be owned by WLC.

B. Electronic Communication. You authorize WLC to send correspondence via email. Please be aware that electronic mail may not be confidential. You should recognize that electronic mail may be stored and forwarded through several computer systems, and it is possible that someone may (illegally) read your e-mail and disclose it to someone.

*If you not **do not** wish to receive communications via email, initial here:*_____

Furthermore, Clients agree that they have a fax machine and are able to receive communications by email and/or respond thereto and can print emailed documents, and promptly sign them if acceptable and fax or scan them back to WLC.

C. Conflicting Engagement. WLC agrees not to accept without your prior approval, any engagement known by WLC to be in direct conflict with your interest in the Matter.

D. Termination of Representation. The relationship established by this Agreement is subject to termination as follows.

1. WLC reserves the right to withdraw from the Matter if:

a. You fail to honor this Agreement;

b. WLC, in its sole discretion, determines there is a likelihood that you will not be able to pay us for legal services;

c. There is any just reason for withdrawal, as permitted or required under the Nevada Lawyers Rules of Professional Conduct, that exists; or

d. If permitted by applicable rules of the Court.

In the event of such withdrawal, you agree to pay WLC promptly for all services rendered by us and all other fees, charges and expenses incurred pursuant to Section II of this Agreement, prior to the date of such withdrawal.

2. You reserve the right to terminate WLC representation of you at any time, at your sole discretion, and you shall notify WLC in writing of any such termination. In the event of any such termination, you agree to pay WLC promptly for all services rendered by WLC and all other fees, charges, and expenses incurred pursuant to Section II of this Agreement, prior to the date of WLC's receipt of written notice of such termination.

3. Upon any termination by you or by WLC of this representation, we agree to cooperate with any successor attorney to accommodate a smooth transition of the representation.

4. Notwithstanding Sections III D(1) and III D(2), above, it is expressly agreed by you and by WLC that a failure for any reason by you to deposit with WLC any additional retainer, in accordance with Section II C(2), will be deemed an election by you to terminate WLC's services, and in such event, regardless of the status of the Matter, WLC shall terminate its services, and you hereby authorize WLC to do so, to withdraw from further representation, and in connection therewith, to represent to any court to which WLC has entered an appearance, that you have terminated our services and that WLC is no longer authorized to act on your behalf.

E. File Retention Policy. WLC will determine the time frame for destruction or disposition of client files. Prior to the disposal or destruction of file material, the attorney will review the file and give final approval for the disposal or destruction of file material. The attorney reserves the right to destroy a client file upon completion of all work associated with the file, and 30 days after notice has been given to the client. However, the attorney generally holds closed or inactive client files for a period of seven (7) years following the conclusion of the matter, except in cases where the law imposes a duty to preserve records for a longer period of time.

F. Arbitration. At the instance of either WLC or you, any dispute arising under the terms of this Agreement or relating to the services provided by WLC shall be submitted to arbitration pursuant to Nevada Revised Statutes Chapter 38. Said arbitration shall take place in Reno, Nevada.

G. Effort and Outcome. WLC agrees to use its best efforts in representing you in the Matter. However, you acknowledge that WLC has given no assurances regarding either the outcome of the Matter or the fees involved.

H. Commencement of Representation. Representation of NIML in this Matter will not commence until WLC has received a copy of this Agreement signed by you and all payments required by this Agreement.

I. Complete Agreement. This Agreement contains the entire agreement between you and WLC regarding the Matter and the fees, charges and expenses payable by you in connection with the Matter. This Agreement shall not be modified except by written agreement signed by you and WLC. This Agreement shall be binding upon you and WLC and your and WLC's respective heirs, executors, legal representatives and successors.

If the foregoing correctly sets forth your understanding as to WLC's representation of you in the Matter, please sign the enclosed copy of this letter and return it to WLC.

Sincerely,

White Law Chartered

John White, Esq.

READ AND AGREED TO BY THE UNDERSIGNED:

***Patricia McCauley*** ***Patrick McCauley***

# Exhibit 2

Exhibit 2

John A. White Jr., Bar # 1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
775-322-1228 Fax
john@whitelawchartered.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>PATRICK and PATRICIA McCAULEY,<br><br>Debtors | Case No: BK-N-13-50194-btb<br><br>Chapter 12<br><br>**ORDER APPROVING EX PARTE APPLICATION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY ATTORNEYS UNDER A GENERAL RETAINER [WHITE LAW CHARTERED]**<br><br>Hearing Date: N/A |

Upon consideration of the application of Debtors, above-named, for an order pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and § 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., authorizing and approving the employment and retention of White Law Chartered and John White, Esq. as their counsel, to represent them in this chapter 12 case, and the separately filed Declaration of John White, Esq. ("White Declaration"), and the Court being satisfied based on the representations made in the application and the White Declaration that White Law

Chartered does not hold or represent an interest adverse to the Debtors' estate and is disinterested under §§ 101(14) and 327 of the Bankruptcy Code and that the employment of White Law Chartered is necessary and in the best interests of the Debtors' estate; and it appearing that this is an order which may be entered ex parte and that no other or further notice need be given; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED, ADJUDGED AND DECREED that, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtors are authorized to employ and retain WHITE LAW CHARTERED as their counsel, under a general retainer to advise and represent the Debtors concerning the services set forth in the Application, and such retention and employment is hereby approved, with such compensation as is approved by the Court.

This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Submitted by:

WHITE LAW CHARTERED

John White, Esq.
Date: June 4, 2013

Approved/Disapproved/No Objection

/s/ Nick Strozza
Office of the U.S. Trustee
Date: June 4, 2013

###